The last case, the last case on our docket for today is American Ground Transportation. American Ground Transportation. And they're from about Good afternoon, Your Honor. Mary Ann Cazell on behalf of Appellant American Ground Transportation, or AGT. And I would like to reserve four minutes for rebuttals. Yeah, please watch your clock and try to take care of that. But if you forget and we remember, we'll try to remind you. Thank you, Your Honor. Good afternoon, and may it please the Court. This is a case of justice delayed is justice denied. My client, AGT, has been trying since 2012 on successive of what we call RFPs, or requests for production. I'm sorry. Request for Anyway, an RFP is a request to secure I'm sorry. And anyway, to be able to operate taxicabs in the city of Anaheim. And by the way, we've just said Anaheim here, but it's actually Anaheim and all the other individually named defendants. So I know the courts got plenty of timeline information, and I'll be glad to answer any questions about that. But I kind of wanted to fast forward to the timeline that's set forth in the answering brief. In particular, as to this one aspect, because it's very important, Anaheim has said that my client was denied leave to amend the complaint in the year 2021. And that's wrong. Procedurally, what happened was in 2017, my client was allowed to file a supplemental complaint in the underlying Orange County Superior Court case when Judge Schulte was presiding. And it did do that, adding the seventh cause of action, which was the 1983 claim. And then Judge Schulte dismissed that cause of action. However, the Court of Appeal resurrected it. It overturned the dismissal of that seventh cause of action. And that's what effectively is at issue here, that and the new one in the district court. So the reason this is so important is that Anaheim has argued repeatedly that my client didn't have the right to proceed in the 1983 action. And therefore, the Judge Schulte decision in 2021 dismissing the seventh cause of action as unwarranted or unauthorized was wrong. So it was not unauthorized. I'm sorry. was because the defendants discriminated against you based on anti-Greek bias. Is that part of your allegation? It's only directly, Your Honor. Those allegations were put there for background material. So are you saying you are not making a claim based on that your client was discriminated against based on national origin? No, I'm not saying that. So let me clarify. That is a claim, but it's only part of our 1983 claim. Okay, so let me focus on that part of your 1983 claim. What admissible evidence of unconstitutional bias in the decision making did you present to the district court? And where is it in the record? In the record, we did introduce information about the successor company, which was South Coast Cab, which I understand is older. And then other than that, the introduction of the evidence really went to the violation of constitutional, the fifth and especially the 14th amendments, the due process clause, and especially the substantive due process clause. With regard to the bias, which is what this question goes to, anti-Greek bias, bias allegedly based on national origin. Can you point me to anything in the record before the district court that is admissible evidence that shows a tribal issue of fact as to whether anything that was done in that last RFP was based on national origin bias? All right, the last RFP, Your Honor, I think you're referring to the one issued in 2020? Yes. Oh, okay. Not directly as to the 2021. However, I disagree that the RFP at issue is only the 2021. Okay, I understand that, but that's what I'm asking about. I see. In the 2021, no. It's just really the history. Okay, thank you. Thank you, Your Honor. I have a question for you. I know there was some evidence about discrimination decades ago against the predecessor company. But my question is, was there any evidence at all, and this may be similar to Ben's question, that anti-Greek bias played a role in the evaluation of the RFP? It would only be circumstantial evidence, Your Honor, based on the fact that every time the application in response to the RFPs was scored, there were mistakes. I mean, my client was downgraded because of, for example, Cabco, a competitor company, the other one now operating in Anaheim, had a manager that was not qualified. And then that would show up in the scoring for my client saying, oh, this guy wasn't qualified. Those kinds of things happened all the time. And it's well known, and I think that we did document and allege in the verified petition complaint in the 2020 case in the district court that was removed to the district court, that this was apparent because it was an ongoing thing, that they knew this is the same family. It's the same Rodides family, where the father, Savvas, was told, you'll never get a license here, go back to Greece. Yeah, but counsel, going to that, what the allegation is, is that decades ago, the father was approached by an unnamed Anaheim code enforcement officer. And is there any evidence that that, who that person was, that that person was still even employed by Anaheim in 2020, or that that person, whoever it was, played any role in the RFP? Yes, from the earlier cases, it was Richard LaRochelle, and he was one of the code enforcement managers. He was still employed at the time of the trial with that South Coast Cab case. I do not believe that he's still employed with Anaheim now. Was he involved in the 2020 RFP process, that he was the decision maker? I don't believe so. Counsel, you say that there's circumstantial evidence of discrimination. Say, for example, someone pointing out some minor error in your papers. What's the full range of circumstantial evidence you cite? Because I think the Supreme Court has told us that circumstantial evidence can have as much weight as direct evidence about discrimination. So, I'd say take your best shot. Okay. And thank you, Your Honor. And while doing so, I also want to tie this into the other violations of Section 1983. We think, in particular, substantive due process under the 14th Amendment. I don't believe that we have to establish racial bias in order to advance that claim. And anyway, yes, it's in an ongoing, unfair, and very hard-handed view of everything that AGT submitted. In 2012, the court in 2016 held that actually that RFP was not done correctly because there had been a request for a rehearing by CABCO. And then when reheard, no new evidence was allowed, and that was overturned in 2016. Also, Anaheim didn't grant American Ground Transportation's request for a rehearing, which was appropriate, timely, and so forth. CABCO's was not. And then in 2016, the court held that Anaheim had acted unconstitutionally and made certain orders. And then in 2016, Anaheim didn't do what it was supposed to do. It didn't issue a new RFP. And that was found to be illegal by the Court of Appeal in 2020. And then the Court of Appeal said, yes, please issue a new, I know I'm about to run out of time on direct here, a new RFP for those 50 permits. And then Anaheim didn't do it. Instead, it waited. It waited until Yellow Cab went out of business. And it knew it was going to go out of business. And then it amalgamated all of these things. And then the 50 permits it eventually got were pretty useless. Also, I'm sorry. No, no, go ahead. Please finish your answer. Okay. By the time ADT got its 50 permits, they were fairly useless because of the advent of the ride share, you know, Uber, Lyft, all of those things come up in the interim. But as of 2012 through 2016, even 2018, you know, those were still very valuable. And my client lost hundreds of thousands of dollars. And I would like to, go ahead. Counselor, with regard to your discussion today of substantive due process, your friend's answering brief says, on appeal, AGT raises new theories and claims, in particular, violations of procedural and substantive due process and equal protection. But these theories and claims should have been raised in the district court. Did you address in the district court claims for procedural and substantive due process and equal protection? Yes, yes. And in particular, in the verified petition slash complaint that was removed, there were four causes of action then because of the state court. And the fourth one was the one named the 1983 claim. And it incorporated all of the earlier causes of action. And that includes, of course, the cause of action for, let's see. I think it's the second one. In the declaratory relief cause of action, which was eventually dismissed as a pendant claim, there are also the constitutional violations referenced there. And that's incorporated into the fourth cause of action. And the entire petition incorporates that supplemental complaint from the 2017 Superior Court action. Thank you, counsel. Thank you. I have more to say, but I think I ought to reserve. Thank you. Your honors, may it please the court. First of all, I'd like to thank the court for carrying on with these hearings at a time that must be extremely difficult for all of you, including your court staff. I know this must be tough, and I wish all of you nothing but good news moving forward. My name is Robert Fabella, city attorney for the city of Anaheim. I prepared for this argument with fresh eyes, as both my prior attorneys from my office who were handling this case have moved on. But in doing that, I've concluded that this is actually a pretty simple case that happens to have a very confusing history. What AGT is actually challenging is simple, and I believe it was picked up by Judge Bennett. The Anaheim City Council's decision in 2020 to issue AGT 50 taxicab franchise permits instead of the 100 it requested at the time. That's what is challenging. The legal issue is relatively simple. Is there anything in the record that could support AGT's position that there is a question of material fact precluding something? Before you get to that, counsel, I took your answering brief as pretty forthright on the point I'm about to inquire about. But as I read the district court's order, the district court dismissed the entire complaint based on the statute of limitations. Would you agree with me that the statute of limitations could not be a valid basis for dismissing the portion of the complaint that challenges the 2020 RFP process? Well, I mean, first of all, it did not dismiss the entire complaint, just the section 1983 and ask the plaintiff to... I agree. For the part that it was dealing with, yes. So what it did is it looked at what the evidence was underlying their allegation. And the only thing that has been proposed, as the court has mentioned, is a statement allegedly made in the late 1990s by a code enforcement officer. Based on that evidence, not just the allegations, but based on the evidence, the court concluded that there's no way that this could withstand a challenge on a statute of limitations grounds. Well, but that, I mean, I don't see how that can be. I mean, the complaint could hypothetically be 100% meritless. But that can't mean that if someone is saying, I'm challenging the 2020 RFP, but I'm relying on evidence that occurred in 2017, that the challenge to a 2020 act could be untimely if you file the complaint within two years. I can understand how it can be totally meritless, but I can't understand how the statute of limitations could bar something challenging a 2020 act if the suit is filed, say, in 2021. Yeah, I mean, I guess if that's the only evidence they have, and I believe the court can conclude that, then I think you can reasonably conclude that it's barred by the statute of limitations. But even if it's not, Your Honor, and I get where you're going with this, it still doesn't mean that they've met their burden to show that they have any evidence to support their Section 1983 claim, which is the alternative round that the appellee raised below. It certainly is a ground I think you raised below, but I mean, and we're reviewing the record de novo, but I don't see that's the basis on which the district court ruled. I understand your position, Your Honor, and I don't think it's too much of a jump to say, then what is the legal significance of the fact that they're only relying on this statement from the late 1990s and no really further other circumstantial or direct evidence from that? And I think it's fair to say that they have not, therefore, met their burden of showing that there's a material issue of fact that requires further scrutiny in this case, because that's all they have, Your Honor. They have tried to paint this as a bigger, confusing picture where everything's interrelated, but that's just simply not the case. They haven't been able to show anything other than that statement. By the way, it was never proven, but regardless, it was from the late 1990s to show that this was a case that should move forward. And I should say, you know, I know the appellant is now currently saying that this case goes beyond just racial bias, but that's not what their complaint says. Their Section 1983 claim is based on racial bias. That's what their moving papers or their opposing papers said below. And when we raised this in our answering brief, in their response, they did not really challenge the fact that they had raised it below. They basically glossed over that and went to determining whether or not they could raise new issues on this appeal. So that really is the basis of their Section 1983 claim. They didn't raise it with the district court. It's not part of their complaint. And frankly, regardless, even if this court were to consider it, the issue of procedural due process or substitute process has really been disposed of. This was disposed of in the earlier Superior Court case where the city's actions of combining this with the yellow cab, you know, franchises was challenged. And it was found to be appropriate for the city to have done it that way, not once, but twice. So, yes, if the court feels it more necessary to look at this as sort of an evidentiary case rather than a statute of limitations, that's fine. I think either one of them disposes of this case. I do want to also point out, I'm not sure, I believe that the appellant has raised the question of some sort of issue preservation from the Orange County Superior Court's order from the prior case, where it essentially said that it recognized the appellant's pursuit of the Section 1983 claim in the current case, made it easier for the court to not allow them to amend that earlier Superior Court case, but it did not protect their 1983 claim from attack. I believe the line from the Superior Court was that because it appears that plaintiff has filed a separate cause of action for such damages in a separate complaint, it does not appear that the plaintiff is prejudiced by striking of the Section 1983 claim here. The court absolutely made no attempt to rule on the merits of the 1983 claim, and I think we address it well. My predecessor, Mr. Maia, addresses it well in our brief for, you know, we deem it to be AGT mistakenly believing that that one sentence preserves something like a guarantee that AGT's Section 1983 claim will proceed to trial unhindered by the usual mechanisms for ferreting out unmeritorious claims or the need to provide enough evidence in support of its claims to demonstrate the existence of a genuine issue of material fact. So, Your Honors, I ask this court to reject appellant's new Section 1983 theories on appeal. I ask that they deem their case to have not met its standard of proof at this stage of the litigation. And frankly, Your Honors, this is a case where I know Ms. Gazelle, my friend, has indicated that they have not had a chance to have justice in this case. They've been litigating portions of this process for nearly two decades. They've had some wins. They've had some losses. They've had some recent attempts to get exactly the number of franchise permits that it requested in 2022. And we don't believe that AGT should be allowed another attempt, another bite at the apple, if you will. And in fact, you know, AGT's decades-long quest for more taxis in Anaheim has left no more apple to bite, Your Honors. The apple's at its core, and we feel this case should be thrown out as the jurisdiction court did. So unless there are any questions, happy to cede my time and submit. Thank you. I have no questions, though, about Judge Bennett and Judge Lee.  No questions. Thank you for your argument. The appellant, I think, has some time for rebuttal. I don't think your microphone's on. I'm sorry. Thank you, Judge Gould and Judge Bennett. My client has never had one bite at the apple. The court, the state court, when it dismissed as unauthorized that seventh cause of action, what more could it have meant by adding that verbiage, which I call the savings clause, quote unquote, but that, okay, well, that already is listed in the writ case that's now with the district court. That's all it could have meant. And the difference here is that the state law of immunities is not subject to a 1983 action. Here we have, or available, I should say, so there are not immunities. So the state court got rid of the other claims on the grounds, excuse me, of immunities, but it stopped short of saying that, oh, well, the city's immune from 1983. So what it did was it said, I'm going to dismiss that as unauthorized. We know that was not appropriate because the law of the case, the story to ceases, and all these things that the city has raised is of the Superior Tribunal, which was the Court of Appeal, which resurrected that claim. So there's a continuum of timeline from 2012, from 2013, when the action was first filed, and it was on time, the statute of limitations was met all along the way. We disagree that this particular claim in the district court is limited to the 2020 RFP. It's not. It definitely incorporates by reference the prior proceedings. It states that, and in our separate statement response, we do make reference to the constitutional issues, the other ones, due process and equal protection. And in our five additional statements of genuine issues, three of those five go to the other issues. This was not new. So bias was one, really more like a background and more implicit kind of claim, but there were also claims for the denial of especially substantive due process. And so we would ask that the court reverse and remand this case so that my client has an option at least to be able to have it stay in court. Thank you. Thank you, counsel. This case shall be submitted now. I think that concludes our arguments for today. I want to thank counsel on the last case on both sides for their strong arguments. We appreciate it. That case is now submitted and the parties will hear from us in due course. The panel will now adjourn its argument session for today. This court for this session stands adjourned.
judges: GOULD, BENNETT, LEE